ISADORE STEINBERG, RESPONDENT, v. BOGATIN DYERS AND CLEANERS, INCORPORATED, APPELLANT.

Submitted October 12, 1928—Decided January 16, 1929.

Before Justices MINTURN, BLACK and CAMPBELL.

For the respondent, *Bolte & Tripician.*

For the appellant, *John Rauffenbart* and *Ulysses G. Styron.*

The opinion of the court was delivered by

MINTURN, J. The plaintiff was in the employ of a firm of electricians, who had a subcontract to perform the electrical work in connection with the installation of an oil heater upon the defendant's premises. The plaintiff was assigned by his employers to do the necessary electrical work, and while upon defendant's premises for that purpose, fell into an opening in the floor of a passageway containing steaming hot water, and scalded his right leg. In the action brought to recover damages for the personal injuries thus sustained, the plaintiff was awarded a verdict by the jury for $1,500.

It appeared that the practice in defendant's dyeing and cleaning establishment was to empty hot water from the vats on the floor, whereupon the water flooded along grooves or gutters in the floor to an opening in the nature of a cesspool in the passageway, and eventually found its way to the street sewer. The opening was covered by a grating of wooden slats.

Plaintiff's testimony showed that several weeks before the day of the accident, while performing work on another job on the defendant's premises, plaintiff made use of the passageway as occasion required, and at times in the presence of defendant's manager, and without any caution from him not to do so; that on the afternoon of the day before the accident he left his tools and materials in a room in defendant's building, preparatory to starting work the next morning; that on that occasion he entered and left the room through the passageway; that on the morning of the accident he safely entered the room in which he had stored his

tools, that he left the room with his tools, and while proceeding through the passageway, fell into the pit or opening, the cover of which had been removed in the short interval while he was in the room wherein he had left his tools.

The plaintiff further testified that the passageway was unlighted on the morning of the occurrence of the accident, although it appeared that at plaintiff's suggestion a light had been installed therein several weeks previously; that a stream of vapor was emitted through the grating in the floor of the passageway on the morning of the accident, as at other times when the passageway was in use; that another entrance leading from the room where the tools had been left was blocked by clothes and rods near the door of the adjoining room, which was being used temporarily as a shipping room.

The first point argued by the defendant in support of the appeal is that the trial court erred in refusing the defendant's motion to nonsuit, for the reason that when the plaintiff rested his case there was no evidence proving negligence of the defendant, and that the testimony conclusively established contributory negligence of the plaintiff.

The legal rule in situations of this character is settled by a number of adjudications in this court and in the Court of Errors and Appeals, and it is to the effect that where the existence of negligence upon the part of the defendant and of contributory negligence upon the part of the plaintiff depends upon a conclusion to be reached from a variety of circumstances considered in their relation to one another, the question presented is one of fact for the jury to determine, and not for the court to consider.

In the case of *Napodensky* v. *West Jersey, &c., Railroad Co.*, 85 *N. J. L.* 336, the Court of Errors and Appeals entered into a discussion of the nature of negligence in its general aspects, as well as contributory negligence, and stated as follows: "Negligence is not an *ex cathedra* pronouncement with which an act may be arbitrarily branded in the abstract as the judicial eye may conceive it. It presents a concrete proposition for a jury to solve, where the facts vary, as nar-

rated by opposing witnesses, and from which different minds may conjecture differently, as they may view the conduct of a man in a difficult or trying situation, harassed and confused in the compass of seconds, with conflicting and contending views for self preservation and deliverance, from a zone of danger, in which he is charged by law with the natural duty, presumably uppermost in his mind of observing due care for himself and his property. Negligence in such circumstances becomes a relative term, incapable of exact determination, except upon consideration not only of the facts, but of all the circumstances, and in view of the entire environment in which the actor is placed. The true and practical solution of such a situation, and the legal characterization of the acts of a man so jeopardized, must necessarily present a jury question, under proper instructions from the court, defining the legal responsibility of the parties concerned. This rule of substantive law has been the subject of frequent reiteration by this court to the effect that where the plaintiff has rested his case, and the evidence leaves the question of contributory negligence in doubt, the determination of the question of the negligence of the defendant presents an issue of fact which must be submitted to the jury." Citing *Brewster* v. *New York Central Railroad Co.*, 80 *N. J. L.* 447; *Kingley* v. *Delaware, Lackawanna and Western Railroad Co.*, 81 *Id.* 536; *McCool* v. *West Jersey and Seashore Railroad Co.*, 81 *Id.* 479.

It has been uniformly held in this country and in England that in an action for negligence, as in other actions, it is for the judge to say whether there is any evidence of negligence at all to go to the jury, and as it has been tersely remarked in one of the cases, "it is for the judge to say whether negligence can be legitimately inferred from the facts in evidence, and it is for the jury to say whether it ought to be inferred under the circumstances." *Daniels* v. *Metropolitan Railway Co.*, 5 *E. and I. App.* 45; *Metropolitan Railway Co.* v. *Jackson*, 47 *L. J. H. L.* 303; *Mayes* v. *Splitdorf Electrical Co.*, 94 *N. J. L.* 460.

The same rule applies as to the question of invitation, upon which a motion for nonsuit was based, and we think properly denied; and we think, for the same reason, the question was one of submission to the jury, and not for the determination of the court, as will be evidenced by a perusal of the above cited cases.

We think, for the reasons given, that the judgment under consideration should be affirmed.